UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WERAWAT ISARAPHANICH,

    Petitioner,

v.                                                     CASE NO. 6:14-cv-2119-Orl-31TBS
                                                       (6:13-cr-226-Orl-31TBS)

UNITED STATES OF AMERICA,

    Respondents.

---

**ORDER**

This case is before the Court on Petitioner's letter, construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1). In his letter, Petitioner requests an extension of time to file a § 2255 motion. *Id.*

"Federal courts have no authority to extend the one-year limitation period where no § 2255 petition has been filed. . . ." *Robinson v. United States*, No. 10-104-CG-C, 2010 WL 1382764, at *1 (S.D. Ala. Mar. 3, 2010) (*citing Green v. United States*, 260 F.3d 78, 83 (2nd Cir. 2001); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000)); *see also United States v. Harris,* 304 F. App'x 223 (4th Cir. 2008) (affirming district court's denial of motion to extend time to file a § 2255 motion based on lack of jurisdiction to consider the motion

1

because the petitioner had not filed a § 2255 motion and his motion for an extension of time to file did not raise any potential grounds for relief).

Nevertheless, "[w]here a motion, nominally seeking an extension of time, contains allegations sufficient to support a claim under section 2255, a district court is empowered . . . to treat that motion as a substantive motion for relief under section 2255."  *Green*, 260 F.3d at 83.  Petitioner's motion to extend time, however, does not contain any allegation sufficient to support any § 2255 claim.  Consequently, the Court cannot recharacterize Petitioner's motion for extension of time as the initiation of a § 2255 action.  Therefore the instant case is subject to dismissal.

Accordingly, it is now **ORDERED AND ADJUDGED:**

1. Petitioner's motion (Doc. No. 1) is **DENIED**.  This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to mail Petitioner a standard § 2255 form along with this Order and close the case.[1]

3. The Clerk of Court is directed to file a copy of this Order in criminal case 6:13-cr-226-Orl-31TBS and terminate the pending motion to vacate, set aside, or correct sentence in that case (Criminal Case Doc. No. 46).

---

[1] Petitioner is advised that "[t]he Antiterrorism and Effective Death Penalty Act ("AEDPA") creates a strict one-year limitation for § 2255 petitioners. . . ," *United States v. Hunter*, No. 08-53-WS-M, 2010 WL 1994876, at * 2 (S.D. Ala. May 18, 2010), and the closing of the instant case will not excuse him from the one-year period of limitation for filing a § 2255 motion.  *See* 28 U.S.C. § 2255.

4. The Clerk of Court is directed to send Petitioner a § 2255 form.

**DONE AND ORDERED** in Orlando, Florida, this <u>5th </u>day of January, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/5
Michael P. Clements
Counsel of Record

3